UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MEHRI DEAN, | |
| Plaintiff, | NO. CV-09-0216-JLQ |
| vs. | **ORDER OF DISMISSAL** |
| U.S. ARMY, et. al., | |
| Defendants. | |

Plaintiff is a pro se litigant proceeding in forma pauperis in this civil rights action.

## I.   STANDARD OF REVIEW

The court is required to screen complaints brought by litigants proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Under the screening procedures of § 1915(e)(2):

[T]he court shall dismiss the case at any time if the court determines that-

(A) the allegation of poverty is untrue; or

(B) the action or appeal-

     (i) is frivolous or malicious;

     (ii) fails to state a claim on which relief may be granted; or

     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

## II.   THE COMPLAINT

Plaintiff's failure to comply with the rules of pleading has made sorting through her contentions a difficult task.  Plaintiff's Complaint is a rambling narrative containing confusing and immaterial factual allegations, unexplained abbreviations, and distracting text-boxes, bullets, pictures, together with quotations from Plato, Thomas Jefferson and

ORDER - 1

1  James Madison.  The court should be able to read and understand a complaint in a matter
   of minutes.  In this case, it took hours to discern.

2   Plaintiff was apparently employed as a farsi linguist for L-3 Communications  ("L-
3  3"), a private corporation, who contracts with the Department of Defense for translation
4  services.  Pursuant to L-3's contract, between August 14, 2005 and April 2006, Plaintiff
5  claims to have worked with several units (102MP Co and 110MP Co) of the Army deployed
6  in Iraq.  Plaintiff alleges that while working for 110MP Co. in Ashraf, Iraq, between January
7  and April, 2006, false and negative performance reports were gathered against her.  Plaintiff
8  claims it involved allegations that she had refused a convoy assignment and that she was
9  "counseled."  On April 4, 2006 Plaintiff noticed she wasn't scheduled for work and the next
10 day she asked the commanding officer about this.  Plaintiff claims she then learned of the
11 reports on her performance and was told by Defendant Mark Filer that she was fired on
12 March 18, 2006.  Ct. Rec. 4 at 5.  Plaintiff claims Filer refused "her opportunity of a reply."
13 *Id*.  On April 7, 2006 she was transferred out of Ashraf (but remained apparently in Iraq).

14

15 On April 7, 2006, Plaintiff claims to have informed a Mr. Smith, employed by L-3,
16 that the allegations against her were untrue.  Smith had her sign a "counseling statement",
17 which Plaintiff believed was a formality in order to have her simply reassigned.  On May
18 2, 2006, Defendant Jeff Jackson, L-3's "project manager"  assigned Plaintiff to Abu Ghraib
19 prison as a "guest" of Task Force 134, for what she believed would be a 4-week assignment.
20 She returned to L-3 headquarters in Iraq on  June 12, 2006.  The next day she met with L-3's
21 operations manager and Defendant U.S. Army Major Vance Sperry (the Army's "linguist
22 liason") and defended herself against the allegations from her Ashraf assignment.  Days
23 later, on June 17, 2006, she was informed by Perry Hill of new complaints against her out
24 of Ashraf.  Plaintiff alleges she was then deceived by Hill into signing a Record of
25 Reprimand.

26 Subsequently, Plaintiff claims she was assigned to two bogus assignments at "Oday's
27 palace" and "Camp Cropper," and that Defendants Jackson and Sperry conspired to have an
28 incident occur between Plaintiff and her L-3 employee roommate, so that Plaintiff would

ORDER - 2

1  have a new negative event on her record. Plaintiff claims that on July 14, 2006, her
2  roommate assaulted her by spraying aerosol room spray continuously in her face. The same
3  day, Plaintiff was returned to L-3 headquarters and a day or two later she was terminated by
4  L-3. She was told by Defendant Jackson that the Army did not want her services and she
5  was to be sent home. Plaintiff claims Jackson assured her that she was not dismissed
6  "because of any adverse action," but only because the Army did not need her services. She
   then returned to the United States.

7      Plaintiff claims that in August 2006 she set out to determine the reason why she was
8  fired and contacted L-3 to determine "the mystery of my aborted status with The Army." *Id.*
9  at 14. As a result of a Freedom of Information Act (FOIA) request, in June 2008 Plaintiff
10 discovered the existence of two memos dated July 16, 2006 written by an unidentified U.S.
11 Army major addressed to Defendant Jackson, which outlined a series of negative
12 performance incidents and requested that Plaintiff be removed from Iraq.

13     As a result of her termination and the entry of information regarding her into the
14 "JAPAS" computer system, she alleges she has lost her clearances and is barred from U.S.
15 Army Intelligence and Security Command (INSCOM) contracts. Plaintiff denies the
16 allegations made in the memos which she believes were the basis for her termination. She
17 contends the certificates of appreciation she earned for her good work performance belie the
18 alleged conduct. Plaintiff claims the false statements contained therein have destroyed her
19 professional life. Plaintiff names as Defendants the U.S. Army and U.S. Army employees:
20 the unidentified U.S. Army Major who authored the July 2006 memos; Vance Sperry;
21 "Major Simmon"; and Alexy B. Scott. Plaintiff also names Jeff Jackson, who is identified
22 as an L-3 employee. It is unclear from the Complaint what associations the remaining
23 named Defendants have: Shawnette Rochelle, Mark Filer, Anthony Palumbo, Paul George,
24 Julie Norman, Denise Howard, and Gloria Cullen.

25     Plaintiff asserts claims of violation of Title VII, due process, defamation, conspiracy
26 against the U.S. Army; claims of defamation and conspiracy against the Author, Sperry,
27 Jackson, Rochelle, Scott, and Filer. Plaintiff also discusses wrongful termination.
28

ORDER - 3

**III.    DISCUSSION**

**A. Failure to Comply with the Rules of Pleading**

A pro se litigant must follow the Federal Rules of Civil Procedure like any other litigant. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.1995).

Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed.R.Civ.P. 8(a). Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Rule 10(b) provides: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir.1981).

Plaintiff's Complaint fails to comply with the requirements of Rules 8 and 10 and the Local Rules of the Eastern District of Washington.

Plaintiff will not be given an opportunity to submit a first amended complaint because as set forth below, the deficiencies in the Complaint go beyond the failure to comply with these rules and can not be cured by amendment. *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

**B.  Title VII Claim Against U.S. Army**

A complaint must contain a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. Pro. 8(a)(1). Plaintiff's Complaint fails to comply with this requirement.  Plaintiff claims the U.S. Army had a duty to "protect [her] from unfair and

ORDER - 4

discriminatory employment practices." Ct. Rec. 4 at 21. It is unknown which conduct Plaintiff claims was discriminatory or on what basis she was discriminated against (though there are vague references which suggest Plaintiff may be claiming discrimination based upon sex, national origin, race and/or age).

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race, color, religion, sex or national origin. 42 U.S.C. § 2000e *et seq*. A U.S. District Court would have jurisdiction over such a claim. See 28 U.S.C. § 1331; 42 U.S.C. § 2000e. Title VII waives federal sovereign immunity as to suits by civilian employees of the military departments. As its explicit terms state, Title VII applies only to "employees," of the defendant federal agency, in this instance, the United States Army. 42 U.S.C. § 2000e(f). Title VII does not protect independent contractors. See *Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 (9th Cir.1980); Lutcher, 633 F.2d at 883; *Mitchell v. Frank R. Howard Memorial Hosp*., 853 F.2d 762, 766 (9th Cir.1988).; *see also Baker v. McNeil Island Corrections Ctr*., 859 F.2d 124, 127 (9th Cir.1988). Status as a federal employee is therefore of crucial significance for those seeking to redress alleged discriminatory actions in federal employment. In the Complaint, Plaintiff concedes she was not hired by the United States Army, but rather her employer was L-3 Communications, a private civilian contractor with the Department of Defense. She also admits receiving assignments from L-3, reporting to L-3 supervisors headquartered in Iraq, receiving performance reviews and reprimands from L-3, and ultimately being terminated by L-3. While it is possible for an aggrieved employee to have multiple employers for Title VII purposes, Plaintiff's factual allegations do not suggest she was in an employment relationship with the U.S. Army. *See e.g.*, *King v. Dalton*, 895 F.Supp. 831, 836 (E.D.Va. 1995)(finding relationship of employee of contractor with the Navy was not that of employee/employer). Though Plaintiff's Complaint does suggest U.S. Army personnel had the capacity to influence her performance reviews, presumably, any large government contract will be supervised to some extent by the relevant government agency. Yet, the word "employee" in § 2000e-16 clearly does not encompass every government contractor.

Even presuming Plaintiff was an employee of the Army, a precondition to suit under

ORDER - 5

Title VII is that a plaintiff must first exhaust the administrative remedies available under 42 U.S.C. § 2000e-5. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir.1988). Under the statute, a plaintiff must initially file a timely charge with the Equal Employment Opportunity Commission ("EEOC").  The employee is thereafter authorized to file a civil action in federal court (1) within 90 days of receiving notice of final administrative decision, or (2) within 180 days from the date of filing the complaint if there has been no administrative action. See 29 C.F.R. § 1614.407; 42 U.S.C. § 2000e-16©.  As there is nothing in the Complaint or the record indicating Plaintiff consulted or filed with the EEOC, it appears Plaintiff has failed to exhaust her administrative remedies.

Moreover, even if the Army were Plaintiff's employer, section 2000e-16 explicitly states that for suits brought pursuant to its provisions, "the head of the department, agency, or unit, as appropriate shall be the defendant."  § 2000e-16©. Accordingly, only the Secretary of the Army, in his official capacity would be the proper defendant in a Title VII claim (not the U.S. Army).  *Miles v. Dept. of Army*, 881 F.2d 777, 780 (9th Cir.1989) (citing 42 U.S.C. § 2000e-16©). Though Plaintiff does not assert a Title VII claim against the individually named employees, it is worth noting courts have construed this provision as precluding claims for violation of Title VII against individual employees.

**C.    Due Process Claim Against the U.S. Army**

In two headings of her Complaint, Plaintiff claims she is also "making a case" for a violation of due process against the Army.  Plaintiff does not state the basis of her claim. The court has considered whether Plaintiff can present a colorable constitutional claim based upon the alleged revocation of her security clearance and her claimed property interest in her employment and liberty interest to practice in her chosen profession. *See e.g., Dittman v. California*, 191 F.3d 1020, 1029 (9th Cir.1999)(listing cases recognizing that a person's right to choose his or her field of employment is protected under the Constitution). However, Plaintiff's due process claim is precluded under *Dorfmont v. Brown*, 913 F.2d 1399 (9th Cir.1990), cert. denied, 499 U.S. 905, 111 S.Ct. 1104, 113 L.Ed.2d 214 (1991). *Dofrmont* held that individuals whose security clearances have been revoked cannot bring due process claims because "no one has a right to a security clearance." *Dormont*, 913 F.2d

1   at 1403 (quoting *Dept. of the Navy v. Egan*, 484 U.S. 518, 528, 108 S.Ct. 818, 824, 98

2   L.Ed.2d 918 (1988)).  Furthermore, there being no protected interest in a security clearance,

    there is also no entitlement to continued employment at a job that requires a security

3   clearance.  *Id*.  Accordingly, Plaintiff's due process claim fails to state a claim upon which

4   relief can be granted.

5   **D.    Conspiracy**

6        Plaintiff contends the Defendants have committed the federal crime of conspiracy

7    under 18 U.S.C § 371.  Ct. Rec. 4 at 25.  18 U.S.C. § 371 is inapplicable as it applies only

8   to criminal conspiracies to commit offenses or to defraud the United States. 18 U.S.C. § 241

9   prohibits conspiracies to violate the civil rights of any individual.  However, a citizen can

10   not intiiate a federal criminal prosecution and there is no private civil right of action for

11   alleged violations of these statutes.  *Aldabe v. Aldabe*, 616 F.2d 1089, 192 (9th Cir.1980).

12   To the extent Plaintiff relies upon them as a basis for any claim, such claims must be

13   dismissed.

14   **E.    Wrongful Termination**

15        Plaintiff also references "wrongful termination" in her Complaint, though no where

16   does she explain against whom it is alleged.  Plaintiff was terminated by her employer L-3,

17   but L-3 Communications is not a named Defendant.  If Plaintiff was some how construed

18   to be a federal employee (Plaintiff infers by a "*de facto* contract...by virtue of the

19   employment relationship"), her claim would be exempted by the Civil Service Reform Act

20   which provides the exclusive remedy for a federal employee alleging wrongful termination

21   or challenging an adverse employment decision. *Saul v. United States*, 928 F.2d 829, 842

22   (9th Cir. 1991).  As an L-3 contractor for the United States, any such claim against the

23   United States would be akin to a claim for interference with contract rights, a tort for which

24   the United States retains immunity.  28 U.S.C. § 2680(h)(exempting from Federal Tort

25   Claims Act coverage "[a]ny claim arising out of assault, battery, false imprisonment, false

26   arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or

27   interference with contract rights.").   The court lacks jurisdiction over a claim as to which

28   the United States remains immunized.

ORDER - 7

**F.    Defamation**

The Federal Employees Liability Reform and Tort Compensation Act ("the Westfall Act") confers absolute immunity on federal employees for torts committed within the scope of their employment by making a Federal Tort Claims Act (FTCA) action against the United States the exclusive remedy for such torts. 28 U.S.C § 2679(b)(1);(d)(2). The allegations concerning the Plaintiff's performance reports lodged by the federal defendants (Defendant Sperry and/or the Army major who was the author of the memos) is conduct which undisputedly was within the scope of their employment. The federal officials overseeing the performance contractors has a responsibility to report incidents regarding their work. Accordingly, in such an instance, the United States would be substituted as the defendant and the action pursued under the FTCA. However, defamation claims against the United States are exempted from FTCA coverage. *See* 28 U.S.C. § 2680(h). Accordingly, Plaintiff cannot sue the United States for defamation and her defamation claims against the federal defendants necessarily fail.

With no viable claim against the United States and no viable federal claim, the only way this court would have jurisdiction over Plaintiff's defamation claim against the non-federal defendants would be if the amount in controversy exceeds $75,000 and all of the parties are citizens of different states ("diversity jurisdiction"). See 28 U.S.C. §§ 1332(a). Plaintiff has not pleaded any of these jurisdictional facts.

Plaintiff's defamation claims also fail to state a claim for relief. Defamation claims must embody four essential elements: a false statement of fact, that is an unprivileged communication, fault and damages. *See Bender v. City of Seattle*, 99 Wn.2d 582, 599, 664 P.2d 492 (1983). Liberally construed, Plaintiff's Complaint does not allege facts which would provide for any such claim against Defendants Jeff Jackson, Shawnette Rochelle, Mark Filer, Anthony Palumbo, Paul George, Julie Norman, Denise Howard, and Gloria Cullen. Even if Plaintiff had some facts which could state a claim against these defendants, Washington has a 2-year statute of limitations for defamation claims. Since any of the alleged defamatory statements of these defendants would have been made more than *three* years prior to the filing of this suit, Plaintiff's claims would appear time barred.

**IV. CONCLUSION**

Pursuant to 28 U.S.C. § 1915(e)(2) the court must dismiss the entirety of Plaintiff's Complaint because it fails to state a claim upon which relief can be granted and seeks relief from defendants who are immune from such relief.    It is clear to the court that no amendment could cure the Complaint's defects. *See Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000)(en banc).

Accordingly, the Plaintiff's Complaint (Ct. Rec. 4) and the claims therein asserted by the Plaintiff are **DISMISSED** without leave to amend.

**IT IS SO ORDERED**.  The Clerk of this court shall enter this Order, enter judgment of dismissal as provided herein, forward copies to Plaintiff, and close this file.

Dated August 7, 2006.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 9